[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut Home Remodeling, Inc. is a contractor who entered into a contract with the defendants, Francine M. White and Welton E. White, on June 22d 1990. Under the terms of this contract the plaintiff was to install fifteen windows in the defendants home and was also to install a bow window in said home. The plaintiff was also to do some other work which is outlined in that contract (Exhibit A) for the total contract price of $6,800.00. The plaintiff completed the work and on July 30, 1990 the defendant made a check to the plaintiff in the amount of $2,000.00 which would have left a balance due of $400.00 on said contract price. However, the defendants stopped payment on said check. Mr. White testified that the windows which were installed by the plaintiff were not the window which the defendants had contracted to purchase. It was admitted by Michael Ferraro, an owner of the plaintiff, that the brochure which he left at the defendants home at the time the contract was CT Page 7525 signed was that of a Mercury window and that the window that was installed in the defendants home was a Regal window. At the time of the contract Mr. Ferraro stated he also had a miniature window which he claimed he showed to the defendants and which was a Regal window and was exactly the same style as the windows which were installed. Mr. Ferraro stated that he did not have any more brochures for the Regal window and that is why he left the brochure for a Mercury window. (See Exhibit 1.) The Mercury window has a much larger lock according to Exhibit 1 than the Regal windows which are locked by two separate locks on each side of the window.
The Court inspected these windows prior to trial with plaintiffs counsel and the defendants present. Mr. Ferraro testified that the Regal window was more expensive and a better window than the Mercury window. However, he did admit that the brochure was not that of the window which was installed. Mr. White testified that of the fifteen windows that were installed six of them have drafts.
As to the bow window, the Court inspected the premises and found that there was definite water damage coming from the bow window. Mr. White testified that one section of the bow window clouds up in the winter time and that during heavy rainstorms the window leaks. In July of 1990 a manufacturers representative from the Gordon Aluminum and Vinyl, Inc. came to the defendants home relative to complaints about the bow window. This was not disputed by Mr. Ferraro and it appears that it's admitted that there is a defect in the bow window. However, Mr. Ferraro stated that the warranty (Exhibit 2) for the bow window would not be honored by Gordon Aluminum and Vinyl, Inc. because the defendants had not paid the plaintiff the full amount of the contract. Thus, to this date, the defects in the bow window still exist.
Mr. White testified that one of the main reasons he ordered these windows was because of the locking device which is set forth in Exhibit 1 on the Mercury windows. He stated that the locks on the present Regal windows which were installed by the plaintiff are not as good as the locks on the Mercury windows as set forth in said brochure.
The plaintiff claims that the defendants owe them $2,400.00. After hearing the evidence, the Court finds the issues on the complaint for the defendants. In other words, the Court finds that the defendants do not owe any money to the plaintiffs under the terms of said contract. The Court orders that the warranty for the bow window must be honored as Mr. Ferraro stated it would just take a phone call from him to the manufacturer for the same to be accomplished. The Court also orders that any liens which CT Page 7526 have been placed on the defendants property as a result of this matter be released forthwith. Since the Court has found the issues for the plaintiff relative to the fifteen regular windows in said home and since the defendants have the use and enjoyment of said windows the Court will not order that the plaintiff give the defendants a warranty for such windows. Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.